**STATE OF LOUISIANA and Louisiana Public Service Commission, Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 72-2233.

United States Court of Appeals, Fifth Circuit.

June 28, 1973.

Arnold D. Berkeley, Washington, D. C., for petitioners.

Gordon Gooch, Gen. Counsel, Leo E. Forquer, Solicitor, George W. McHenry, Jr., 1st Asst. Solicitor, F.P.C., Washington, D. C., for respondent.

Alvin M. Owsley, Jr., Robert A. Webb, Perry Barber, Houston, Tex., for United Gas Pipe Line Co.

Before JOHN R. BROWN, Chief Judge, and BELL and MORGAN, Circuit Judges.

PER CURIAM:

This is a sequel to two other opinions which are issued this date by this court. See Louisiana Power & Light Co. v. F. P.C. et al., 483 F.2d 623, this date rendered; Louisiana Gas Service Company v. F.P.C., 480 F.2d 933, this date rendered. Petitioners in this case challenge the exercise of federal regulatory control during the period from the time that the FPC has made a determination that federal jurisdiction exists until a conclusive upholding of such a finding by the last available court.

The general chronology of proceedings before the Commission involving the jurisdictional status of certain of United's facilities in southern Louisiana is set forth in Louisiana Gas Service Company v. F.P.C., *supra.* These petitioners, however, are challenging a later rate order than were the petitioners in that case. This challenge revolves around the Commission allowing United to charge the higher rates contained in its supplemental rate filing of November 30, 1971, pending a determination of jurisdiction and certification. The Commission suspended these additional proposed tariffs under section 4(e) of the Natural Gas Act. Because of this suspension, these supplemental revised tariffs could not go into effect until June 1, 1972. On February 9, 1972, the FPC issued Opinion 610, holding that suffi-

cient jurisdictional facts were present to confer federal jurisdiction over the facilities in question.[1] Then, on February 25, 1972, the FPC refused to delay these supplemental increases for much the same reasons that it had refused a similar request from Louisiana Gas Service Company to suspend the original increases in its order of July 8, 1971. It is that order on the original rate filing which we uphold today in Louisiana Gas Service Company v. F.P.C., *supra*.

Our decision in *Louisiana Gas Service Company* is sufficiently broad to require the rejection of the contentions made by these petitioners. However, because these petitioners have taken a somewhat different tack and because we feel there is an independent ground not dependent on the grounds used in *Louisiana Gas Service Company*, we have decided not to rest our opinion on the grounds in that case alone, although we incorporate those reasons herein.

■■ These petitioners seem to suggest that the FPC cannot regulate these facilities merely because it has determined that it has jurisdiction. As we stated in *Louisiana Gas Service*, which we now adopt we think the FPC has the authority to regulate, with adequate safeguards, pending its own first conclusive finding of federal jurisdiction. Therefore, it is obvious that those same reasons would support the FPC regulation once it has made an initial determination of jurisdiction. After the initial binding determination of jurisdiction, however, there is an even stronger argument for the Commission regulation. Section 19 of the Natural Gas Act makes clear that neither application for re-hearing before the Commission nor the institution of court review of a Commission order operates to stay that order unless such a stay is specifically ordered by the Commission or court. Therefore, once the Commission has made its finding of jurisdiction, until stayed or reversed by a court, this adjudication is binding. We reject any argument that the Louisiana authorities have a right to regulate unfettered until the courts have conclusively reviewed the FPC's finding of jurisdiction. The Act clearly provides otherwise unless the court grants a stay. Therefore, even if the FPC had not had power to regulate before the issuance of Opinion 610, it certainly had such power thereafter.

■ For the reasons stated in *Louisiana Gas Service Company, supra*, we reject the claim that rate regulation must await certification. We also reject any claim that section 5(a) is applicable to this situation. We find that section inapplicable on its face.

Section 5(a) sets forth the procedures to be followed by the Commission when the Commission, on its own motion, or any party other than a natural gas company, presents a challenge to the existing rates and requests a change. Section 4, the section used by United here, sets forth the procedures for the Commission to follow in entertaining a request from a natural gas company to change the rates of that company which are subject to Commission jurisdiction.

■ The refusal by the FPC to suspend United's request pending court adjudication of jurisdiction and issuance of a certificate is, therefore,

Affirmed.

---

1. This court today affirmed that finding of jurisdiction in Louisiana Power & Light Company v. F.P.C., *supra*. We note that the FPC has continued the refund provisions of its orders to ensure that all parties would be adequately protected.